UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **07-21770**



CIV-UNGARO-

LETHANIEL GRIFFIN, on his own behalf
and others similarly situated,

       Plaintiff,

v.

C & C WASTE REMOVAL, INC., a Florida Corporation, and
CARLO PICCINONNA, individually,

       Defendants.

_____/

MAGISTRATE JUDGE
O'SULLIVAN

FILED by _____ D.C.
INTAKE

JUL 1 0 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

1.    Plaintiff, LETHANIEL GRIFFIN, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, C & C WASTE REMOVAL, INC., a Florida Corporation, and CARLO PICCINONNA, individually (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed non-exempt work as a driver and related duties for Defendants in Miami-Dade County, Florida.

2.    Defendant, C & C WASTE REMOVAL, INC., is a Florida corporation that owns and operates a sanitation/waste collection and removal business that at all times material to this Complaint has been operating throughout South Florida, including in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.    This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29

U.S.C. §216(b) (the Act).

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b). At all times material to this Complaint, Defendant, C & C WASTE REMOVAL, INC., was engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Based upon information and belief, the annual gross sales volume of C & C WASTE REMOVAL, INC. was in excess of $500,000.00 per annum.

5.      At all times material hereto, CARLO PICCINONNA owned and/or operated C & C WASTE REMOVAL, INC. and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of C & C WASTE REMOVAL, INC.  By virtue of such control and authority, CARLO PICCINONNA was an employer of Plaintiff as such term is defined by the FLSA.  29 U.S.C. §201 et seq.

6.      The additional persons who may become Plaintiffs in this action are Defendants' non-exempt drivers and helpers who have worked in excess of Forty (40) hours during one or more work weeks on between July 2004 and the present and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

7.      Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants between approximately December 2006 and May 2007.

8.      Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants between July 2004 and the present.

9.      However, Defendants have not paid time and a half wages for all of the overtime

2

hours worked by Plaintiff and the other employees similarly situated to him.

10.     Defendants paid Plaintiff pursuant to a day rate which began at approximately $125.00 per day and increased to $135.00 per day.

11.     Defendants recorded Plaintiff's hours worked, as well as the hours worked of the other similarly situated employees, through an electronic time keeping system through which Plaintiff's daily start times were recorded in the morning and his daily stop times were recorded at the end of the day, but Defendants unilaterally deducted time from Plaintiff's hours worked for a meal break each day, regardless of whether Plaintiff and the similarly situated employees actually took a bona fide meal break. Such unilateral deductions from Plaintiff's total hours worked resulted in Plaintiff, and the other employees similarly situated nationwide, not receiving the full measure of overtime wages to which they are entitled.

12.     The records concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

13.     Based upon Plaintiff regularly working five (5) days per week between approximately December 2006 and May 2007, a period of approximately Twenty-Four (24) hours per week and Defendants unilaterally deducting 3.0 hours per week for meal breaks which Plaintiff did not take and/or which were not bona fide breaks over the course of six (6) day work weeks, if Plaintiff is owed half-time wages at the approximate rate of $5.21/hour [average gross weekly wages of $625.00 divided by average weekly hours of 60 = $10.42 regular rate], Plaintiff's unpaid overtime wages total approximately $375.12.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 13 above.

15.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.  All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

16.     Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at the rate of time and one-half their regular rate of pay for all hours worked in excess of Forty (40) per week.

17.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

18.     As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

19.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

20.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LETHANIEL GRIFFIN, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendants, C &

4

C WASTE REMOVAL, INC. and CARLO PICCINONNA, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: July _2_, 2007
           Boca Raton, Florida

Respectfully submitted,

Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida  33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

LETHANIEL GRIFFIN, on his own behalf and others similarly situated

**(b)** County of Residence of First Listed Plaintiff   Miami Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Shavitz Law Group, P.A.
1515 So. Federal Highway, Suite 404
Boca Raton, Florida 33432

CIV-UNGARO-
MAGISTRATE JUDGE
O'SULLIVAN

**DEFENDANTS**

C & C WASTE REMOVAL, INC., a Florida corporation
and CARLO PICCINONNA, individually

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**07-21770**

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE ❐ MONROE ❐ BROWARD ❐ PALM BEACH ❐ MARTIN ❐ ST. LUCIE ❐ INDIAN RIVER ❐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
❐ 2  U.S. Government Defendant
❐ 4  Diversity (Indicate Citizenship of Parties in Item III)

1:07CV 21770-UU-O'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane / ❐ 362 Personal Injury - Med. Malpractice | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 | | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander / ❐ 365 Personal Injury - Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability / ❐ 368 Asbestos Personal Injury Product Liability | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability — **PERSONAL PROPERTY** | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle / ❐ 370 Other Fraud | ❐ 690 Other | | ❐ 490 Cable/Sat TV |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability / ❐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury / ❐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 195 Contract Product Liability | / ❐ 385 Property Damage Product Liability | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 196 Franchise | | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| **REAL PROPERTY** — **CIVIL RIGHTS** — **PRISONER PETITIONS** | | ❐ 740 Railway Labor Act | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| ❐ 210 Land Condemnation | ❐ 441 Voting / ❐ 510 Motions to Vacate Sentence | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 220 Foreclosure | ❐ 442 Employment | ❐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ Accommodations — **Habeas Corpus:** | Security Act | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 240 Torts to Land | ❐ 444 Welfare / ❐ 530 General | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment / ❐ 535 Death Penalty | | | ❐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other / ❐ 540 Mandamus & Other | | | ❐ 950 Constitutionality of State Statutes |
| | ❐ 440 Other Civil Rights / ❐ 550 Civil Rights / ❐ 555 Prison Condition | | | |

FILED by INTAKE D.C.

JUL 10 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
❐ 2 Removed from State Court
❐ 3 Re-filed- (see VI below)
❐ 4 Reinstated or Reopened
❐ 5 Transferred from another district (specify)
❐ 6 Multidistrict Litigation
❐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ❐ YES ❐ NO          b) Related Cases ❐ YES ❐ NO

JUDGE                                     DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ✓ Yes ❐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   July 2, 2007

**FOR OFFICE USE ONLY**

AMOUNT _____   RECEIPT #  _____   IFP _____

540445